THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHAM NGOC THANH BINH,<br><br>    Plaintiff,<br><br> v.<br><br>LONG PRAIRIE PROJECT INVESTORS LLC, *et al.*,<br><br>    Defendants. | CASE NO. C24-1541-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' partial motion to dismiss (Dkt. No. 10) and Plaintiff's alternative request for leave to amend (Dkt. No. 11 at 7). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion to DISMISS and GRANTS the request for leave to amend.

**I. BACKGROUND**

This case arises out of a dispute over funds Plaintiff paid in hopes of receiving an EB-5 visa.[1] (*See generally* Dkt. No. 9.) According to Plaintiff, she wired $860,000 to Defendant Long Prairie Project Investors LLC ("Long Prairie"). (*Id.* at 2–3.) Defendants Smith Douglas Holdings LLC ("SDH LLC") and Ryker Douglas LLC ("RD LLC") formed Long Prairie to facilitate up to

---

[1] The EB-5 Visa enables foreign nationals to become long-term permanent residents by substantially investing in U.S. businesses or property development. 8 U.S.C. § 1153(b)(5).

ORDER
C24-1541-JCC
PAGE - 1

ten would-be EB-5 visa applicants' investment in a Minnesota-based real property development. (*See* Dkt. Nos. 9 at 2–3, 11[2] at 11–12.) SDH LLC, which is 50% owned by RD LLC, is Long Prairie's manager. (Dkt. No. 11 at 12.) Plaintiff alleges that SDH LLC and RD LLC have "control and power" over Long Prairie. (Dkt. No. 9 at 3.) Plaintiff contends that, after she paid $800,000 for a Long Prairie membership unit pursuant to its Subscription Agreement ("Agreement") and a $60,000 administrative fee, Long Prairie "terminated the subscription prior to closing" without returning Plaintiff's funds. (*Id*. at 3.)

In an Amended Complaint, Plaintiff brings the following claims against Long Prairie, SDH LLC, and RD LLC: (1) conversion; and, in the alternative, (2) breach of contract. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the conversion claim against all Defendants and the breach of contract claim against SDH LLC and RD LLC (leaving solely a breach of contract claim against Long Prairie). (*See generally* Dkt. No. 10.) Defendants argue the conversion claim, at least as pleaded, is not plausible, (*id*. at 4–6), and that SDH LLC and RD LLC are not parties to the contract and thus could not have breached the Agreement. (*Id*. at 6–7.)[3]

---

[2] This information is partly derived from an excerpt of Long Prairie's Private Placement Memorandum ("PPM") (Dkt. No. 11 at 11–12). The complaint refers to this document, along with other Long Prairie formation documents. (*See* Dkt. No. 9 at 2–4.) Accordingly, it is incorporated by reference into the complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The excerpt is included in Appendix A to Plaintiff's brief in opposition to Defendants' motion to dismiss. (*See* Dkt. No. 11 at 11–12.)

[3] In their reply brief, Defendants move to strike Appendix B to Plaintiff's response brief. (Dkt. No. 12 at 5–6.) The appendix is comprised of e-mails and other evidence in support of Plaintiff's argument that SDH LLC and RD LLC effectively controlled Long Prairie and, therefore, are properly liable for the claims brought in this suit. (*See* Dkt. No. 11 at 15–19.) Defendants contend this material is not incorporated by reference into the complaint, nor is it properly subject to judicial notice. (*See* Dkt. No. 12 at 5–6.) The Court agrees. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (only allegations in pleading will be considered for purposes of Rule 12(b)(6)); *Ritchie*, 342 F.3d at 908 (9th Cir. 2003) (discussing incorporation by reference); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (discussing judicial notice). Rather than strike this material, the Court will disregard it for purposes of the instant motion.

## II. DISCUSSION

### A. Legal Standard – Motion to Dismiss

Under Rule 12(b)(6), dismissal is proper when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To do so, a plaintiff is obligated to provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). While "Rule 8 . . . does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Therefore, a claim has facial plausibility when a plaintiff pleads sufficient factual content to allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* However, dismissal "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### B. The Conversion Claim is not Plausibly Pleaded

Defendants first argue that Plaintiff's conversion claim is barred by Washington's independent tort doctrine. (Dkt. No. 10 at 4–6.) Under the doctrine, a plaintiff can recover tort damages (separate from those arising from a breach of contract) only if the injury "traces back to the breach of a tort duty arising *independently* of the terms of the contract." *Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1262 (Wash. 2010) (emphasis added). If there is no independent tort duty—based on factual allegations—then "tort does not provide a remedy." *Id.*[4]

Here, Defendants note that Plaintiff's allegations are all made within the context of her contract with Long Prairie. (*See* Dkt. No. 10 at 5–6.) This includes Plaintiff's alleged conversion

---

[4] The existence of an independent tort duty "is a question of law and depends on mixed considerations of logic, common sense, justice, policy, and precedent." *Eastwood*, 241 P.3d at 1262.

damages of $860,000, which Plaintiff only alleges was a result of the Agreement. (*See* Dkt. No. 9 at 2–3.) The Court agrees with Defendants. Plaintiff fails to allege facts demonstrating a duty imposed on any Defendant outside of those derived from the Agreement. None of Plaintiff's allegations suggest a tort-based claim, whether that be for conversion, fraud, or misrepresentation. *See, e.g.*, *Pub. Util. Dist. No. 1 of Lewis Cnty. v. Wash. Pub. Power Supply Sys.*, 705 P.2d 1195, 1211 (Wash. 1985) (describing elements of a conversion claim, including the wrongful receipt or retention of money); *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (describing elements of a fraudulent misrepresentation claim, including a false representation and a plaintiff's reliance on that falsity).

Therefore, the Court FINDS that the complaint, as pleaded, fails to state a plausible tort-based claim.

### C.   Plaintiff Fails to Adequately Plead a Contract with SDH LLC or RD LLC

Defendants next argue the complaint fails to allege a contractual arrangement between Plaintiff and SDH LLC or RD LLC. (*See* Dkt. No. 10 at 6–7.) Rather, all dealings between these parties, at least as pleaded, were in SDH LLC and RD LLC's official capacity, as Long Prairie's manager. (*See* Dkt. No.12 at 4–5.) This includes that these Defendants have "control and power [over Long Prairie] to initiate the refund" of Plaintiff's investment, (Dkt. No. 9 at 3); that RD LLC "principally owned and operated Long Prairie," (*id.* at 1); and that the Agreement had signature blocks for SDH LLC and RD LLC,[5] (*see* Dkt. No. 11 at 4) (citing Dkt. No. 11 at 13).

Again, the Court agrees with Defendants. Under Washington law, a breach of contract claim consists of the following: (1) a contract imposing a duty; (2) breach of that duty; and (3) damages proximately caused by the breach. *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, 831 F. App'x 814, 817 (9th Cir. 2020). And to establish breach, a complaint must plead privity. *See*

---

[5] Plaintiff suggests that SDH LLC and RD LLC signed the Agreement in their personal capacities. (*See* Dkt. No. 11 at 13–14.) However, this is not consistent with the plain language of the agreement, which, as the Court previously noted, *see supra* note 2, Plaintiff incorporated by reference into the complaint.

*Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 419 (E.D. Wash. 1976). Here, the complaint's threadbare allegations regarding Long Prairie's ownership structure, its close connection to SDH LLC and RD LLC, and the control Defendants allegedly wield over Long Prairie, (*see* Dkt. No. 9 at 3), are insufficient to establish privity of contract between Plaintiff and SDH LLC or RD LLC. Nor does Plaintiff provide allegations that would instruct the Court to look through Long Prairie, to its owners, to establish indirect privity between Plaintiff and these Defendants. *See Grayson v. Nordic Const. Co., Inc.*, 599 P.2d 1271, 1274 (Wash. 1979) (requires a demonstration of an overt intention to disregard the corporate entity); *Chadwick Farms Owners Ass'n v. FHC, LLC*, 207 P.3d 1251, 1262 (Wash. 2009) (a plaintiff must demonstrate "the corporate form was used to violate or evade a duty" and "the corporate veil must be disregarded" to prevent an innocent party's loss).

As such, the Court FINDS that Plaintiff fails to plausibly plead a contractual arrangement between SDH LLC and RD LLC, rendering breach of contract claims against these Defendant legally infirm.

### D. Alternative Pleading

Plaintiff argues that the breach of contract and conversion claims are in accord with Rule 8's pleading standards for alternative pleading. (*See* Dkt. No. 11 at 5–6) (citing, *e.g.*, *Leghorn v. Wells Fargo Bank*, N.A., 950 F. Supp. 2d 1093, 1101 (N.D. Cal. 2013); *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 943 (N.D. Cal. 2012)). But pleading claims in the alternative does not relieve a plaintiff of their obligation to provide facts demonstrating a plausible claim. *See, e.g.*, *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1353–54 (W.D. Wash. 2014). And here, Plaintiff's alternate claims do not meet that standard. Thus, Plaintiff fails to adequately plead claims in the alternative.

ORDER
C24-1541-JCC
PAGE - 5

### E. Leave To Amend

Defendants seek dismissal of claims (as described above) with prejudice. Of course, absent amendment, this would preclude Plaintiff's further attempts to pursue these claims, here or elsewhere. *See Loveridge v. Fred Meyer, Inc.*, 887 P.2d 898, 900 (Wash. 1995); *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981). So, in the alternative, Plaintiff asks for leave to amend. (*See* Dkt. No. 11 at 7.) Whether to grant this leave rests in the sound discretion of the Court. *See Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). That discretion is guided by the strong policy of deciding cases on the merits and allowing amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

Leave to amend should be provided unless further amendment would clearly be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal quotations omitted). As described above, Plaintiff's conversion claim against all Defendants and breach of contract claim (against solely SDH LLC and RD LLC) lack sufficient allegations to demonstrate plausibility. But it appears this could be cured through additional pleading. As such, it is inappropriate to deny leave to amend at this early stage. Moreover, since this is the first[6] Rule 12(b)(6) motion which the Court has ruled on, it FINDS that, in the interest of justice, leave to amend should be granted here.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for partial dismissal (Dkt. No. 10) is GRANTED. Plaintiff's conversion claim is DISMISSED as to all Defendants and the breach of contract claim is DISMISSED as to SDH LLC and RD LLC. Plaintiff's request for leave to amend (Dkt. No. 11 at 7) is GRANTED. Plaintiff may amend her complaint within thirty (30)

---

[6] Plaintiff did amend her complaint once before. (*Compare* Dkt. No. 1, *with* Dkt. No. 9.) In that instance, Plaintiff did so as of right.

1 | days of the entry of this Order.

3 | DATED this 21st day of January 2025.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE