THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHAM NGOC THANH BINH, | CASE NO. C24-1541-JCC |
| Plaintiff, | ORDER |
| v. | |
| LONG PRAIRIE PROJECT INVESTORS LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' partial motion to dismiss (Dkt. No. 15). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons described below.

The Court previously dismissed Plaintiff's conversion claim against Defendant Long Prairie Project Investors LLC ("Long Prairie"), as pleaded in a First Amended Complaint, along with claims for conversion and breach of contract against all other defendants. (*See* Dkt. No. 13 at 6.)[1] Plaintiff since filed a Second Amended Complaint ("SAC") (Dkt. No. 14). The key allegations remain the same. (*Compare generally* Dkt. No. 9, *with* Dkt. No. 14.) Plaintiff wired

---

[1] The Court did so after finding conversion barred by the independent tort doctrine, (*see id.* at 3–4), and the breach of contract claim not colorable as to the other defendants (due to a lack of pleaded privity between them and Plaintiff). (*See id.* at 3–5.) However, the Court provided Plaintiff with leave to amend. (*Id.* at 6.)

$860,000 to Long Prairie in accordance with a subscription agreement, Long Prairie unilaterally terminated the agreement without returning the funds, and other defendants have control over Long Prairie and should be compelled to return the funds. (*Id.*)

In addition, though, and in support of a conversion claim solely against the other defendants,[2] the SAC includes specific allegations regarding those defendants' possession and control of Plaintiff's funds. (*See* Dkt. No. 14 at 2–6.) It also adds SDH Parent 3 LLC as a named defendant to this group. (*See id.* at 2.) And, finally, it reorders[3] Plaintiff's claims against Long Prairie, making breach of contract primary and conversion secondary (*i.e.*, asserting it in the alternative—to the extent the subscription agreement is held to be invalid). (*See id.* at 5–6.) With these changes, the SAC plausibly asserts each of its claims. Thus, there is no basis to dismiss any portion of the SAC.[4]

Accordingly, Defendants' partial motion to dismiss (Dkt. No. 15) is DENIED.

DATED this 7th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] The SAC no longer asserts a breach of contract claim against those defendants. (*Compare* Dkt. No. 9 at 4, *with* Dkt. No. 14 at 1.)

[3] Plaintiff previously brought a conversion claim against Long Prairie as a primary, with a breach of contract claim in the alternative. (*See* Dkt. No. 9 at 3–4.)

[4] This includes Plaintiff's request for attorney fees to the "extent permitted by law." (Dkt. No. 14 at 7.) Despite the general rule prohibiting attorney fee awards, given that this case is early on, and this is a requested form of relief—not a cause of action—it would be premature to find as a matter of law that such fees are not recoverable, as there may be a legal basis for such recovery. (*See* Dkt. No. 16 at 10–11) (Plaintiff represents she will provide a more definite statement when necessary to support such a request).

ORDER
C24-1541-JCC
PAGE - 2