THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHAM NGOC THANH BINH,

           Plaintiff,

    v.

LONG PRAIRIE PROJECT INVESTORS
LLC, *et al.*,

           Defendants.

CASE NO. C24-1541-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for voluntary dismissal (Dkt. No. 45), along with Defendants' request for costs (Dkt. No. 48). Having thoroughly considered the briefing and the relevant record, the Court GRANTS Plaintiff's motion and DISMISSES this case without prejudice but DENIES Defendant's request for costs for the reasons explained herein.

This case arises out of a dispute over funds Plaintiff paid in hopes of receiving an EB-5 visa. (*See generally* Dkt. No. 9.) According to Plaintiff, she wired $860,000 to Defendant Long Prairie Project Investors LLC ("Long Prairie") but never received the visa (or a return on this investment or even her funds back from Long Prairie). (*Id.* at 3–4.) Thus, Plaintiff asserts breach of contract and/or conversion claims. (*Id.* at 5–6.) Plaintiff now seeks dismissal without prejudice of her case here, intending to refile in state court. (*See generally* Dkt. No. 45.) Plaintiff does so after discovering, based on certain disclosures from Defendants, that the parties lack complete

ORDER
C24-1541-JCC
PAGE - 1

diversity, negating this Court's subject matter jurisdiction over Plaintiff's state law claims. (*See id.* at 6.) Defendants do not quibble with Plaintiff's request. (*See generally* Dkt. No. 48.) But they ask this Court to impose "just costs" pursuant to 28 U.S.C. §1919. (*See id.* at 2–5.)

The Court agrees on the first issue. Based on the present filings, (Dkt. Nos. 45, 46, 48, 49), there is no doubt that the Court lacks subject matter jurisdiction here. Thus, it will dismiss the case without prejudice. What remains for consideration, though, is whether Defendants are entitled to costs in this instance, given Plaintiff's belated discovery.

"[W]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. §1919. To determine whether costs are "just," the court must consider "what is most fair and equitable under the totality of the circumstances." *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012). The Court has broad discretion here. *Id.* It is important to note that just because the Court may award just costs, it is not required to do so. *Id.* at 1158. While "just costs" is a unitary standard, "it involves a two step analysis—whether an award of costs is just and equitable and, if so, the appropriate amount of costs." *Id.* In determining whether costs are just and equitable, the Court considers the following: (1) exigent circumstances, including hardship, prejudice, or culpable behavior by the parties; (2) the strength of the plaintiff's jurisdictional claim; (3) the significance of pending parallel litigation in state court; and (4) other equitable considerations. *Id.* at 1157–58.

The strength of the plaintiff's jurisdictional claim (second factor) is, admittedly, weak. With the benefit of hindsight, it should have been obvious that Long Prairie would likely have foreign members, given its pleaded fundamental purpose. Perhaps Plaintiff should have known this before filing suit and before any discovery was produced. Thus, this factor supports a cost award. Although the factor would more strongly hew towards Defendants' request if they had affirmatively moved for Rule 12(b)(1) dismissal here—which they did not. However the remaining factors all counsel against a cost award.

Exigent circumstances (the first factor), for example, do not support an award. While

ORDER
C24-1541-JCC
PAGE - 2

Defendants argue that further litigation in the appropriate venue will present a hardship, the same is true for Plaintiffs. Both will now have to re-litigate in the appropriate court, and there is no evidence that Defendants incurred particularly onerous costs in ligating this matter, to date, here. Nor is there evidence that the discovery and information gleaned to date will not be of equal value to Defendants in state court. The existence of parallel litigation (third factor) also does not support an award. Admittedly, Plaintiffs recently ostensibly refiled this matter in state court. (*See* Dkt. No. 50 at 3–45). But, in so doing, Plaintiffs added to and modified the claims asserted here. (*Compare* Dkt. No. 9 at 3–6, *with* Dkt. No. 50 at 26–45.) Thus, there was no litigation parallel to this one and the new litigation differs, at least in certain respects, from the case brought here. Most importantly, though, "other equitable considerations" (fourth factor) strongly counsel against an award. If Plaintiff's allegations are proven true, she is certainly entitled to a refund of her investment. Frankly, it is inexplicable why Long Prairie (or a related defendant) has failed to make Plaintiff whole here. An award of costs would only add fuel to the fire of apparent inequity. Thus, the relevant factors, in total, do not support an award of costs.

For the foregoing reasons, Plaintiffs' motion for voluntary dismissal (Dkt. No. 45) is GRANTED but Defendants' request for costs pursuant to 28 U.S.C. § 1919 (Dkt. No. 48) is DENIED.

DATED this 12th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-1541-JCC
PAGE - 3